20-2476
United States v. Sanchez-Reyes

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                                           20-2476

JEFREY SANCHEZ-REYES,

*Defendant-Appellant.*

_____

FOR APPELLEE:                         Alexandra Rothman, Anna M. Skotko, Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:    B. Alan Seidler, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jefrey Sanchez-Reyes appeals from a judgment entered on July 30, 2020, following his guilty plea, convicting him of one count of conspiring to distribute and to possess with the intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Between December 2017 and May 2019, Sanchez-Reyes received twenty-five parcels from Puerto Rico. Law enforcement intercepted and searched three of those parcels, which together contained 3.5 kilograms of cocaine. In calculating the applicable Guidelines range, the district court (Cote, *J.*) extrapolated from the weight and drug content of the seized parcels and found by a preponderance of the evidence that Sanchez-Reyes was responsible for distributing between fifteen and fifty kilograms of cocaine. It sentenced Sanchez-Reyes principally to forty-eight months' imprisonment, followed by three years' supervised release. On appeal, Sanchez-Reyes argues that the district court erred in finding that he was responsible for distributing at least fifteen kilograms of cocaine and thus miscalculated his Guidelines range. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"[I]n reviewing a legal challenge to a quantity finding we are mindful of the Guidelines' express instruction that where there has been no seizure of narcotics, or where the quantity seized does not reflect the true scale of the offense, a sentencing judge should 'approximate' the relevant drug quantity based on a preponderance of the evidence." *United States v. Jones*, 531 F.3d 163, 175 (2d Cir. 2008) (citations omitted); *see* U.S.S.G. § 2D1.1 cmt. n.5. "A district court's findings

2

as to the quantity of narcotics involved in an offense are findings of fact subject to the clearly erroneous standard of review." *United States v. Prince*, 110 F.3d 921, 924 (2d Cir. 1997). "As such, if the evidence—direct or circumstantial—supports a district court's preponderance determination as to drug quantity, we must sustain that finding." *Jones*, 531 F.3d at 175.

The district court did not clearly err in finding that the twenty-five parcels contained at least fifteen kilograms of cocaine in total. The court explained its methodology for extrapolating from the three seized parcels, which contained 3.5 kilograms of cocaine, the amount of cocaine in the remaining twenty-two parcels. Specifically, the district court reasoned:

> The heavier seized package contained .16 kilograms of cocaine per each pound of package weight. The lighter package contained .07 kilograms per pound. The total weight of the unseized packages was 180.10 pounds.

> Even using the lower .07-kilogram-per-pound figure, that would produce, . . . on the conservative side, an additional 12.75 kilograms of cocaine in the unseized packages.

App'x at 43–44. The district court's conclusion was reasonable, supported by reliable evidence, and consistent with precedent. *See, e.g.*, *Prince*, 110 F.3d at 925 ("In the instant case, the fact that the forty-two recovered boxes contained marijuana provided persuasive circumstantial evidence to support the district court's finding that the six missing boxes also contained marijuana. Similarly, the 300-pound estimate for the six missing boxes, derived from the fact that the weight of each of the forty-two recovered boxes ranged from fifty to ninety pounds, was a reasonable figure based on reliable evidence.").

Sanchez-Reyes argues that the "sampling of seized narcotics [was] not representative of the whole of the conduct." Appellant's Br. 15–16. For example, he avers that "some of the parcels he received during the subject time frame were mailed to [him] from his father in Puerto

3

Rico, and were personal items, and not drug related." *Id.* at 16. Sanchez-Reyes's suggestion that some packages did not contain drugs is belied by the record, including his counsel's concession at sentencing that "Mr. Sanchez-Reyes believed the packages had drugs in them." App'x at 38. Law enforcement also identified the twenty-five packages based on their similarities, including "among other things, the locations from which they were shipped and to which they were addressed, their approximate size and weight, their packaging and means of shipment (e.g., express or priority), and mailing labels." PSR ¶ 8. To the extent that Sanchez-Reyes contends that the district court lacked "[]sufficiently . . . specific evidence" of the quantity of drugs in the unseized parcels, he is mistaken. Appellant's Br. 17. The Guidelines expressly authorize district courts to approximate the quantity of controlled substances "[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense." U.S.S.G. § 2D1.1 cmt. n.5. And district courts can base that approximation on circumstantial evidence. *See Jones*, 531 F.3d at 175. Here, the district court did not err in approximating the quantity of cocaine Sanchez-Reyes received based on extrapolating from the weights of the seized parcels to the weights of the unseized parcels.

We have considered Sanchez-Reyes's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4